CUTHBERT B. GARRARD, Executor of the last will of William Garrard, deceased, and others, Heirs *v.* WILLIAM REED.

A judgment having been obtained by the United States in a District Court of the United States, against plaintiffs' testator in his lifetime, an execution was issued after his death, without any steps having been taken to revive the suit, under which property was sold by the Marshal, and purchased by defendant. In an action before a State court, by the representatives of the deceased against the purchaser, for the property : *Held,* that the act of Congress of 26th May, 1824, regulating the mode of practice in the Courts of the United States in Louisiana, having provided that it shall be conformable to the laws directing the mode of practice in the District Courts of the State, the United States had no right to execute their judgment without having instituted proceedings to revive it ; and that the State court had jurisdiction to look into the proceedings of the executive officer subsequent to the judgment, to ascertain between citizens of the State, what rights had been taken from the one and given to the other. Judgment for the plaintiffs.

APPEAL from the District Court of St. Landry, *Boyce,* J.

*T. H. Lewis,* for the plaintiffs.

*Splane,* for the appellant. The court is without jurisdiction. *Wayman* v. *Southard,* 10 Wheaton, 1. *United States* v. *Peters,* 5 Cranch, 115. *McKim* v. *Voorhies,* 7 Ib. 279. 2 Wheaton, 1. 7 Martin, 436. 1 Wheaton, 305. 5 Ib. 1. 1 Kent's Comm. 385.

GARLAND, J. The facts of this case are these : In the month of March, 1838, the United States of America recovered a judgment in their District Court, for the Western District of Louisiana, against William Garrard, for a large sum. In the month of November of that year, Garrard made his will, appointed an executor, who is one of the plaintiffs, and died in the parish of St. Landry. Shortly after the death of Garrard, his executor presented the will for probate to the competent and proper tribunal ; it was probated, and the executor assumed the functions of his office, and took into possession the property composing the succession, and was proceeding to administer it. In the month of April, 1839, without any step or motion to revive, or make executory the aforesaid judgment, an execution was issued against the dead man, and a number of slaves were seized under it, and sold without appraisement, for cash, by the Marshal of the United States. On the day of sale, the attorneys of the heirs and the

executor gave notice to the Marshal and to those present, of the alleged irregularities and illegal proceedings, and forbade all persons to purchase. Notwithstanding such notice and warning, the slaves were bid for and adjudicated to the defendant, and this suit is brought to recover them, with their hire from him.

The defendant excepted to the jurisdiction of the inferior court, alleging that it was not competent to examine into the subject matter. This exception was overruled, and the defendant answered by a general denial. He further pleaded, that he had purchased the slaves at a sale made by the Marshal of the United States, under the execution before mentioned, which sale was formal and legal.

There was a judgment in favor of the plaintiffs, from which the defendant has appealed.

The principal reliance of the appellant in this court, is on his exception to the jurisdiction of the inferior tribunal. He contends, that the constitution gives to Congress the exclusive authority to regulate the proceedings in the Courts of the United States, and that the State tribunals have no power to control them, nor can they arrest their judgments, or determine the extent of their jurisdiction.

It is not our purpose to enter into a discussion of these principles, to which it is possible we might assent, as we conceive them inapplicable to the case before us. It is not necessary, nor do we intend to examine in any way, the judgment rendered by the United States Court against Garrard. It is sufficient that we look into the proceedings of the executive officer, subsequent to the judgment, with a view to ascertain, as between citizens of the State, what rights have been taken from one, and conferred on the other. In this point of view, we have not a doubt of the jurisdiction of the inferior court. We suppose it will not be seriously contended, that because one of the parties derives his right or claims to property fro.n a sale made by a Marshal of the United States, that the Federal courts are necessarily invested with jurisdiction. We may suppose that sale, or those proceedings, a remote link in a chain of title ; and if the doctrine contended for be correct, the State court must stop, and take for granted their regu-

larity and legality, or say to the parties, that they must seek relief in the Courts of the United States.

As to the nullity of the execution under which the Marshal acted, and the illegality of his proceedings, we have no doubt. After the death of the defendant Garrard, the attorney of the United States had no more right to proceed to the execution of the judgment obtained, without legal proceedings to revive it and give it effect, than he would have had to proceed with the trial, and obtain a judgment, if the defendant had died pending the suit, and no step had been taken to make the executor or legal representatives parties. No judicial proceeding can be carried on in the name of a dead man, nor can the property he leaves be taken from his heirs or legal representatives, without proceeding against them as directed by law. The United States have a priority in many cases, to secure the payment of debts owing them ; but we are yet to learn, that they are exempted from the ordinary forms of judicial proceedings in enforcing their payment. When the execution under which the Marshal acted was issued, Garrard was dead. It is not pretended that the executor, who had the property in possession, and was administering it under the authority of the Court of Probates, was previously notified or made a party to the suit ; nor was he ordered by any legal authority to pay the debt claimed.

By an act passed on the 26th May, 1824, Congress directed that the mode of proceeding in civil causes in the Courts of the United States in Louisiana, should conform to the laws regulating the mode of practice in the District Courts of the State. Acts 1824, p. 115. Some difficulty has occurred as to the proper construction of this act ; and whether the rules of practice since made by the Legislature are to be enforced ; but with that we having nothing to do, as the proceedings of the Marshal were in violation of the laws in force on the 26th May, 1824, as well as those made subsequently.

The fallacy of those who directed the proceedings in question, was in considering themselves as vested with judicial authority and released from all legal restraints.

*Judgment affirmed.*